UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VERNELL HOWARD, ) | Civil Action No.: 4:06-1029-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| PIGGLY WIGGLY, CLARENCE ) | |
| SHELLY, individually, CRAIG ) | |
| HOPKINS, individually and in his ) | |
| official capacity, CITY OF MARION ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Vernell Howard has brought this pro se action against Defendants under Title 42 United States Code §1983. Presently pending before the Court is Defendant City of Marion Police Department's (the Department) Motion to Dismiss. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such cases and submit findings and recommendations to the District Court.

**FACTUAL BACKGROUND**

Plaintiff alleges that on April 16, 2004, she left the Piggly Wiggly Store at 2565 East Highway 76 in Marion, South Carolina, with her purchases and a receipt. An employee of the store, Defendant Clarence Shelly, "rushed out of the Piggly Wiggly Store, and with a loud threatening voice demanded that Plaintiff let him search her pocketbook, no reason given." Complaint at 2. Plaintiff refused to allow a search of her pocketbook. She alleges that Defendant Officer Craig Hopkins of the Marion City Police Department responded to a call from Defendant Shelly. On arriving, Officer Hopkins searched Plaintiff's pocketbook. Plaintiff states that nothing was found and

no explanation was given for the incident. She seeks to recover monetary damages from the Defendants for false arrest and the search of her pocketbook without a warrant or probable cause.

## DISCUSSION

### *Rule 12(b)(6) Standard*

Defendant bring its Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### *Liberal Construction for Pro Se Pleadings*

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal pursuant to Rule 12(b)(6). Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court

"conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

*42 U.S.C. § 1983*

To state a cause of action against a municipality under 42 U.S.C. § 1983, a plaintiff must allege that he suffered a constitutional violation that was directly caused by an official practice, policy, or custom of the municipality. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). In her Complaint, Plaintiff mentions the City of Marion Police Department only to allege that Defendant Clarence Shelly contacted the Department, who then dispatched Defendant Craig Hopkins to the store. Generally speaking, the allegation that Defendant Hopkins is employed by the Department alone, without an allegation that an official policy or custom of the Department caused her injury, is insufficient to state a cause of action against the Department.[1] Id. As stated above, this Court cannot rewrite Plaintiff's pleadings or construct her arguments for her.

### CONCLUSION

In light of the above analysis, it is recommended that Defendant City of Marion Police Department's Motion to Dismiss (Document # 12) be granted.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

February 14, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page(s).**

---

[1] In her response to Defendant's Motion, Plaintiff alleges that "the training program of the City of Marion Police Department was not adequate to train Officer in how to make reasonable search and seizure within the law." This allegation is not contained in her Complaint and no motion to amend has been filed.