UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VERNELL HOWARD,                )<br>                                                    )<br>            Plaintiff,            )<br>                                                    )<br>       -vs-                           )<br>                                                    )<br>PIGGLY WIGGLY, CLARENCE      )<br>SHELLY, individually, CRAIG    )<br>HOPKINS, individually and in his )<br>official capacity, CITY OF MARION )<br>POLICE DEPARTMENT,             )<br>                                                    )<br>            Defendants.          )<br>_____ ) | Civil Action No.: 4:06-1029-TLW-TER<br><br><br>**REPORT AND<br>RECOMMENDATION** |

**I.     INTRODUCTION**

Plaintiff Vernell Howard brought this pro se[1] action against Defendants under 42 U.S.C. §1983.  On February 23, 2007, Defendant Craig Hopkins' (Hopkins) filed a Motion for Summary Judgment[2] (Document # 25).  Because Plaintiff is proceeding pro se, she was advised on February 27, 2007, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion for Summary Judgment could result in dismissal of her Complaint.  The deadline for Plaintiff's response to Defendant's Motion was April 5, 2007.  Plaintiff did not file a

---

[1]All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2]This Motion was originally filed by both Hopkins and the City of Marion Police Department (the Department).  However, on February 15, 2007, the undersigned issued a Report and Recommendation recommending that the Department's previously filed Motion to Dismiss be granted.  On March 15, 2007, the District Judge entered an Order adopting the Report and Recommendation and granting the Motion to Dismiss.  Therefore, the Department is no longer a party to this action.

response by the deadline. On April 10, 2007, the undersigned entered an Order (Document # 35) directing Plaintiff to file a response within five days. The order specifically provided, "[i]f there is no response within five (5) days of the date of this Order, it will be recommended that this case be dismissed for failure to prosecute." More than five days have passed since the filing of that Order and Plaintiff has failed to file a response to Defendant's Motion.

## II.     DISCUSSION

   A.     Rule 41(b) Dismissal

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

   (1)   the degree of plaintiff's responsibility in failing to respond;

   (2)   the amount of prejudice to the defendant;

   (3)   the history of the plaintiff in proceeding in a dilatory manner; and,

   (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff has not responded to Defendant's Motion for Summary Judgment. The undersigned concludes Plaintiff has abandoned her lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

B.Motion for Summary Judgment

In the alternative, it is recommended that Defendant's Motion for Summary Judgment be granted.

1.Factual History

Hopkins is a police officer with the City of Marion Police Department. Hopkins Aff. ¶ 1. On April 16, 2004, the Department received a call from Piggly Wiggly concerning a possible shoplifting and Hopkins responded to the call. Id. at ¶ 3. Clarence Shelly, the store manager at Piggly Wiggly, informed Hopkins that he had observed Plaintiff entering the restroom with her shopping cart and he suspected that she had attempted to shoplift several items from the store. Id. at ¶ 4. Plaintiff denied having stolen any items when asked by Hopkins. Id. at ¶ 5. Mr. Shelly indicated that he believed Plaintiff had the items in her purse. Id. at ¶ 6. Hopkins then asked Plaintiff if he could look in her purse and she opened her purse. Id. at ¶ 7. After Plaintiff opened her purse and Hopkins viewed the contents, he determined that she had not stolen any items from the store. Id. at ¶ 8. At that time, Hopkins left the store. Id. at ¶ 9. He did not arrest Plaintiff nor did he detain or touch her. Id. at ¶ 10.

In her Complaint, Plaintiff seeks to recover monetary damages from the Defendants for false arrest and the search of her pocketbook without a warrant or probable cause.

2.Summary Judgment Standard

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v.

Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

      3.    Discussion

Defendant asserts that he is entitled to qualified immunity because his conduct did not violate a clearly established Constitutional right. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general of abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this [clearly established] right applies to the actions of the official must also be apparent. As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F. 3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1985).

In Torchinsky v. Siwinski, 942 F. 2d 257 (4th Cir.1991), the Fourth Circuit Court of Appeals explained the rationale for Harlow qualified immunity:

> The grant of qualified immunity to government officials ensures that these officials can perform their

-5-

>duties free from the specter of endless and debilitating lawsuits. Without such immunity, the operations of government would be immobilized. Permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.

Torchinsky, 942 F.2d at 260-261. (Citations Omitted).

For a plaintiff to recover, he must show the defendants (i) violated a particular right clearly established in law, and (ii) the application of that right to the actions of the official must be apparent. Plaintiff in the present case has not done so. Plaintiff has failed to present evidence that Hopkins detained her or that the search of the contents of her purse violated her clearly established rights. Qualified immunity applies to law enforcement officers even in cases where they reasonably, but mistakenly, believe that probable cause or exigent circumstances exist for their actions. Osabutey v. Welch, 857 F.2d 220, 223 (4th Cir. 1988). The undersigned cannot conclude that Hopkins "transgressed bright lines." Maciariello v. Sumner, 973 F. 2d 295, 298 (4th Cir. 1992). "Officials are not liable for bad guesses in gray areas." Id. Therefore, the undersigned recommends that the motion for summary judgment filed by Hopkins be granted on the basis of qualified immunity.

### III. CONCLUSION

For the reasons set forth above, it is recommended that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute. In the alternative, it is recommended that Defendant's Motion for Summary Judgment (Document # 25) be granted and this case be dismissed.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page(s).**

-6-